## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JANICE PODOLAK-DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22-cv-03191 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| ALLMERICA FINANCIAL ALLIANCE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's motion to dismiss [8] is denied. See the accompanying Statement for details.

## STATEMENT

After Plaintiff Janice Podolak-Dunn was seriously injured in a car accident, she filed a claim for underinsured motorist benefits with her insurer, Defendant Allmerica Financial Alliance Insurance Company ("Allmerica"). Allmerica denied Podolak-Dunn's claim. For that reason, Podolak-Dunn initiated the present action seeking, among other things, a declaration that Allmerica is obligated to compensate her for her injuries and statutory damages pursuant to Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, for Allmerica's allegedly vexatious and unreasonable conduct in denying her insurance claim. Now before the Court is Allmerica's motion to dismiss Podolak-Dunn's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8.) For the reasons that follow, Allmerica's motion is denied.

### I.

For the purposes of the motion to dismiss, the Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to Podolak-Dunn as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint alleges as follows.

On October 10, 2017, Podolak-Dunn was seriously injured in a car accident. (Compl. ¶ 6, Dkt. No. 1-1.) At the time of the accident, Podolak-Dunn was insured under an automobile insurance policy issued by Allmerica ("Policy"). (*Id.* ¶¶ 1, 3.) The Policy included underinsured motorist coverage of up to $100,000. (*Id.* ¶ 5.) The driver who was at fault in the accident was insured by a policy that had only a $25,000 limit. (*Id.* ¶ 9.) Because Podolak-Dunn's medical bills exceeded the other driver's policy limit, she filed a formal "Demand for Arbitration" with Allmerica for the purpose of obtaining underinsured motorist benefits on August 14, 2019. (Compl. ¶¶ 8, 47, Compl. Ex. M, Dkt. No. 1-1.)

After Podolak-Dunn settled with the other driver for the driver's full $25,000 policy limit on September 26, 2019, Podolak-Dunn emailed an Allmerica adjuster to inform Allmerica of the settlement. (Compl. ¶¶ 20, 25.) Then, on October 8, 2019, Podolak-Dunn provided Allmerica with a second formal "Demand for Arbitration." (*Id.* ¶¶ 26–28.) Two days later, on October 10, 2019, an Allmerica adjuster emailed Podolak-Dunn requesting her agreement "to put Arb[itration] in abeyance while we attempt to resolve the matter." (*Id.* ¶ 41.) In connection with her effort to settle her claim, Podolak-Dunn sent Allmerica a settlement demand on February 5, 2020 that provided extensive details about the injuries she suffered in the car accident and the associated medical bills. (Compl. ¶ 47; Compl., Ex. M.) Yet Allmerica denied Podolak-Dunn's claim on September 17, 2020. (Compl. ¶ 53.)

As a result of Allmerica's denial of her claim for underinsured motorist benefits, Podolak-Dunn initiated the present lawsuit in Illinois state court on May 16, 2022, and Allmerica subsequently removed the case to this Court. (Notice of Removal, Dkt. No. 1.) Podolak-Dunn's complaint seeks a declaratory judgment as to Allmerica's obligation to provide coverage for the injuries she suffered in the October 10, 2017 car accident, asserts a related breach of contract claim, and contends that Allmerica's denial of her claim was vexatious and unreasonable such that she is entitled to statutory damages under Section 155.

## II.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

According to Allmerica, Podolak-Dunn's complaint must be dismissed because she filed her lawsuit outside of the two-year limitations period set forth in the Policy. Specifically, the Policy provides:

**LEGAL ACTION AGAINST US**

No suit, action or arbitration proceeding for recovery of any claim may be brought against us unless the insured has fully complied with all of the terms of this policy. In no event shall suit, arbitration or appraisal be brought against us more than two years after the date of accident, except only in the following circumstance:

Suit or arbitration shall not be commenced after the later of: two years after the accident or six months after such time as the amount actually paid to or for the person making claim from the liability insurer, bond or other security applicable to the underinsured motor vehicle and its operator has been determined by settlement or judgment.

> Wherever this Provision limits the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed with us, in whatever form is required by this policy, until the date the claim is denied in whole or in part.

(Compl., Ex. B at PageID #46, Dkt. No. 1-1.) While Podolak-Dunn contends that her claims are governed by Illinois statutes of limitations, the Court finds that the Policy's limitations period governs. *See, e.g.*, *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 874 (7th Cir. 1997) ("The dominant view in contract law is that contractual limitations periods shorter than the statute of limitations are permissible, provided they are reasonable.").

Normally, a plaintiff's complaint need not anticipate an affirmative defense such as the statute of limitations to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). It is therefore "irregular to dismiss a claim as untimely under Rule 12(b)(6)." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal quotation marks omitted). The same is true where the limitations period is governed by contract rather than statute. *See Child.'s Mem'l Hosp. v. Wilbert, Inc. Health Plan*, 733 F. Supp. 2d 961, 962 (N.D. Ill. 2010) ("True, the . . . defendants assert a contractual, not a statutory, limitation, but I perceive no compelling difference in this distinction."). Dismissal on limitations grounds at the pleading stage may be warranted, however, when a plaintiff pleads facts that effectively establish the defense. *Hollander*, 457 F.3d at 691 n.1.

Under the Policy's limitations provision, Podolak-Dunn had until the later of two years after her accident (*i.e.*, until October 10, 2019) or six months after her settlement with the underinsured motorist to file her lawsuit. Since Podolak-Dunn reached a settlement with the underinsured driver responsible for her accident, she had six months from the date of her September 26, 2019 settlement to file her lawsuit. That period, however, was subject to tolling— specifically, it was tolled from the date Podolak-Dunn filed a proof of loss with Allmerica to the date her claim was denied. Viewing the facts in the light most favorable to Podolak-Dunn, the Court treats her August 14, 2019 arbitration demand as a proof of loss for purposes of the motion to dismiss. And since her settlement came after that initial demand for arbitration, that means Podolak-Dunn had six months after the Allmerica's September 17, 2020 denial of her claim to file the present lawsuit. But this action was not filed until May 16, 2022, long after the six-month period had elapsed.

However, Podolak-Dunn argues that Allmerica is estopped from enforcing the Policy's two-year limitations period. "[U]nder Illinois law, estoppel is based upon an insurer's conduct that misleads the insured to [her] detriment." *Great Lakes Reinsurance (UK) v. 1600 W. Venture, LLC*, 261 F. Supp. 3d 860, 864 (N.D. Ill. 2017). Estoppel applies where the insurer's "actions during negotiations are such as to lull the insured into a false sense of security, thereby causing [her] to delay the assertion of [her] rights." *Hermanson v. Country Mut. Ins. Co.*, 642 N.E.2d 857, 860 (Ill. App. Ct. 1994). "Cases in which an insurer's conduct is found to amount to estoppel typically involve a concession of liability by the insurer, advance payments by the insurer to the plaintiff in contemplation of eventual settlement, and statements by the insurer which encourage the plaintiff to delay filing [her] action." *Foamcraft, Inc. v. First State Ins. Co.*, 606 N.E.2d 537, 540 (Ill. App. Ct. 1992).

Here, Podolak-Dunn contends that Allmerica gave her reason to believe that it would not enforce the Policy's two-year limitations period by suggesting that arbitration be placed in abeyance while Allmerica attempted to resolve the matter. To the extent Allmerica's suggestion could be deemed to have lulled Podolak-Dunn into a false sense of security that her claim would be resolved, one would think that any such belief should have been dispelled by Allmerica's denial of her claim on September 17, 2020. Then, accepting the most generous view of the Policy's limitations period, Podolak-Dunn had six months from the date of Allmerica's denial of her claim for underinsured motorist benefits to file a lawsuit, yet she did not do so.

But the complaint and the attached exhibits are silent as to why Podolak-Dunn took so long to initiate this action. That silence prevents Allmerica from defeating Podolak-Dunn's claims on timeliness grounds at the motion to dismiss stage. It may well be the case that, after Allmerica denied Podolak-Dunn's claim, its conduct nonetheless gave her reason to believe that it would reconsider its decision or that litigation would be unnecessary. Given that the pleadings are devoid of allegations as to Allmerica's post-denial conduct, there are many conceivable factual scenarios under which Allmerica might be estopped from asserting the Policy's limitations period here. For that reason, the Court cannot dismiss Podolak-Dunn's claims as untimely. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) ("As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statue-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record."). Accordingly, Allmerica's motion to dismiss is denied.

Dated:  May 23, 2023

_____
Andrea R. Wood
United States District Judge